# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENYONA EUBANKS,

           Plaintiff,

v.

AURORA HEALTH CARE, INC.,

           Defendant.

Case No. 20-CV-1253-JPS

**ORDER**

    On August 14, 2020, Plaintiff filed this class and collective action alleging violations of the Fair Labor Standards Act ("FLSA") and Wisconsin state law. ECF No. 1. On May 4, 2022, Plaintiff informed the Court that the parties had reached a non-reversionary $8,750,000 settlement involving a class of approximately 27,624 employees. ECF No. 23 at 1. Plaintiff submitted an unopposed motion for preliminary approval of the class and collective action settlement. *Id*.

    Prior to settlement, the Court must approve the parties' settlement agreement. *See* Fed. R. Civ. P. 23(e). The Court's task is to determine whether the settlement is "fair, adequate, reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002). At this stage, all facts weigh in favor of finding a fair settlement in this case. This case has been pending for two years; the parties reached a settlement only after retaining an expert mediator to assist them in resolving their claims. ECF No. 23 at 3. After engaging in discovery, which included the production of payroll and clock-in and -out date for approximately 42,000 of Defendant's current and former employees, the parties engaged in a full day mediation session on November 30, 2021. *Id.* After this session, the parties continued working with the mediator to reach the Settlement

Agreement's final substantive terms, which include a formula for calculating each putative class member's unpaid wages. At this time, no one has objected to the Settlement Agreement (the "Agreement").

The Court also finds that the proposed "Settlement Class" meets Federal Rule of Civil Procedure 23's requirements because the members of the class are so numerous that joinder would be impractical; the members of the Settlement Class share claims with common issues of law and fact; the named Plaintiff's claims are typical to those claims held by members of the Settlement Class; the named Plaintiff and proposed Class Counsel will be able to fairly and adequately protect the interests of the Settlement Class without conflict; Class Counsel has sufficient experience and competence to prosecute this matter on behalf of the Settlement Class; questions of law and fact are common to the Settlement Class members and predominate over their individual issues; and a class settlement is the most appropriate method for a fair and efficient resolution of the case. Additionally, for the purposes of 29 U.S.C. § 216(b), the Court finds that the Settlement Class Members are "similarly situated" to one another in that they have worked for Defendant under the same or similar policies. Thus, the Court finds no barrier to preliminary approval of the parties' settlement.

Based on the foregoing discussion, the Court intends to grant a motion for preliminary approval of class and collective action settlement, and to incorporate the proposed items of relief which will manage the settlement process and ultimately conclude this litigation. However, certain items in the current motion feature in "tracked changes," which have not yet been accepted by the creator. *See* ECF No. 23 at 5 (explaining the average amounts that a Settlement Class member will receive based on the number of weeks worked, which conflict with the amounts summarized on page two of the motion); *id*. at 9 (changing the litigation costs from ten to twenty

thousand dollars). The Settlement Agreement contemplates Twenty Thousand dollars in costs, ECF No. 23-1 at 9, but it does not provide an estimate of recovery, *id.* at 10 (reciting the formula for calculating each plaintiff's proportional share of the net fund).

These are minor discrepancies with an easy fix, and they do not bear on the preliminary approval of the Settlement Class which the Court's discussion above addresses. Nonetheless, the Court is not inclined to grant an ostensibly unopposed motion that retains some proposed edits that are inconsistent with other portions of the motion. Therefore, the Court will request that the parties resubmit a joint motion for preliminary certification and supporting materials in a final (as opposed to tracked changes) form, ensuring that they are internally consistent and consistent with the Settlement Agreement. Additionally, the parties are ordered to submit a proposed order in Microsoft Word format to the Court's Proposed Order box, StadtmuellerPO@wied.uscourts.gov, which will facilitate the Court's incorporation of the parties' proposed items of relief into an order that will manage the settlement process and ultimately conclude the litigation.

Accordingly,

**IT IS ORDERED** that the parties resubmit, in a final form, their motion for preliminary approval and submissions in support thereof to the Court within Twenty-One (21) days of the date of this Order.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge