# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KENYONA EUBANKS,<br><br>        Plaintiff,<br><br>v.<br><br>AURORA HEALTH CARE, INC.,<br><br>        Defendant. | Case No. 20-CV-1253-JPS<br><br>**ORDER** |

  On July 25, 2022, the Court granted preliminary approval of the parties' collective and class action settlement, and scheduled this matter for a final hearing on November 17, 2022. ECF No. 27. However, the parties subsequently informed the Court that

> following the mailing of the original settlement notice, Defendant learned that an additional 11,173 employees were inadvertently excluded from the list of individuals eligible to receive a settlement payment, and that the amount of certain employees' estimated settlement payments should be adjusted to reflect amendments to the number of Eligible Work Weeks worked during the relevant time period covered by this Settlement.

ECF No. 32 at 4; *see also* ECF Nos. 28 at 1–3 and 30 at 1–2. The parties also informed the Court that some individuals who were not part of the Settlement Class inadvertently received a notice. ECF No. 30 at 2. Accordingly, the Court instructed the parties to file an amended motion for preliminary approval of the class and collective settlement, upon receipt of which the Court would determine whether and how to proceed to final disposition of this matter. *Id.* at 2.

Plaintiff filed an amended (and again unopposed) motion, with supporting material, on December 6, 2022. ECF Nos. 31–32. The Court held a hearing thereon on December 22, 2022. ECF No. 33.

The amended collective and class action settlement provides for a total monetary payment of $8,750,000, which includes payments to class members, service payments to named and opt-in plaintiffs, claims administration costs, and attorneys' fees and costs. ECF No. 32 at 1. The parties have stipulated that the class includes approximately 38,797 employees and that the class, for the purposes of settlement, satisfies the numerosity, commonality, typicality, adequacy, and predominance and superiority requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), and the requirements of Section 216(b) of the Fair Labor Standards Act. *Id.* at 5, 13–17, 25; *see also* ECF No. 24 at 2 (finding the same).

At this time, one objection to the settlement has been received, wherein a Settlement Class member objected to "her payroll information being used to calculate the amount of her payment without her specific approval." *Id.* at 21, n.5. Since this Settlement Class member has not objected to the fairness or reasonableness of the settlement payments, incentive awards, or attorneys' fees, the Court finds her objection does not pose a barrier to preliminary approval of the parties' settlement as fair and reasonable. Less than 0.4% of members of the Settlement Class—119 individuals—requested to be excluded from the class. *Id.* at 21. This very small number of requests for exclusion does not indicate to the Court that the settlement will not provide a fair result to the Settlement Class.

Based on the foregoing, the Court finds no barrier to preliminary approval of the parties' amended settlement. The Court will therefore grant the amended motion for preliminary approval of the class and collective

action settlement, ECF No. 31, and incorporate the proposed items of relief, which will manage the settlement process and ultimately conclude this litigation in a timely manner. The Court's prior order granting preliminary approval to the parties' settlement, ECF No. 27, will be vacated.

Accordingly,

**IT IS ORDERED** that the Court's prior order granting the parties' resubmitted motion for preliminary approval of the parties' collective and class action settlement, ECF No. 27, be and the same is hereby **VACATED**;

**IT IS FURTHER ORDERED** that Plaintiff's amended, unopposed motion for preliminary approval of the parties' collective and class action settlement, ECF No. 31, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Settlement Class defined in the stipulation is certified pursuant to Rule 23(e) and Section 216(b). The Court finds that the Settlement Class meets the requirements of Federal Rule of Civil Procedure Rule 23(a) and (b)(3) and 29 U.S.C. § 216(b). The Settlement Class is defined as follows:

> Individuals who worked for Defendant as nonexempt hourly employees during the period of August 14, 2017 up to and including December 18, 2021 and worked at least one workweek of 40 hours or more during that time;

**IT IS FURTHER ORDERED** that the parties' Amended Settlement Agreement (the "Amended Agreement") which is attached to Plaintiff's amended motion for preliminary approval, ECF No. 32-1, is preliminarily **APPROVED** as a fair, reasonable, and adequate resolution of a bona fide dispute under the FLSA and state wage and hour law;

**IT IS FURTHER ORDERED** that Plaintiff Kenyona Eubanks shall serve as Settlement Class Representative;

**IT IS FURTHER ORDERED** that the Plaintiff's counsel James X. Bormes and Catherine P. Sons of the Law Office of James X. Bormes, P.C., Thomas M. Ryan of the Law Office of Thomas M. Ryan, P.C., and Patrick J. Schott of Schott Bublitz & Engel, S.C., are hereby appointed as Settlement Class Counsel;

**IT IS FURTHER ORDERED** that Analytics, LLC is hereby appointed as the Settlement Administrator;

**IT IS FURTHER ORDERED** that:

1. The Court approves the parties' Amended "Notice of Class Action and Proposed Settlement" (hereinafter "Amended Notice") in a form that is substantially similar to that which is attached to the Amended Agreement, ECF Nos. 32-2 and 32-3, for distribution to all putative members of the Settlement Class;

2. The Court approves sending a short notice to the 100 individuals who inadvertently received the prior Notice of Class Action and Proposed Settlement but were not properly members of the Settlement Class;

2. The Court approves that the provision of the Amended Notice to the Settlement Class, by the procedures described in the Amended Agreement, ECF No. 32-1 at 6–9, provides the best notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of 29 U.S.C. § 216(b), Federal Rule of Civil Procedure 23, due process, the Constitution of the United States of America, the laws of the State of Wisconsin, and all other applicable

laws; and that Amended Notice is accurate, objective, and informative, and provides Settlement Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness;

3. The Settlement Administrator shall mail the Amended Notice to Settlement Class Members within **ten (10) days** of the date of this Order;

4. The Settlement Administrator shall timely serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Settlement Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b);

**IT IS FURTHER ORDERED** that a Fairness Hearing is scheduled for **April 6, 2023 at 8:30 A.M.** in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI 53202, for the purposes of hearing arguments concerning whether the proposed Settlement on the terms and conditions provided for in the Amended Agreement is fair, reasonable, and adequate and should be approved by the Court, considering Settlement Class Counsel's request for the Fee and Expense Award and for the Service Awards to be made to the Named Plaintiff and Opt-In Plaintiffs, and determining whether the Settlement should be finally approved;

**IT IS FURTHER ORDERED** that, pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order, the Named Plaintiff and all Settlement Class Members and anyone acting on behalf of any Settlement Class Member shall be barred and enjoined from: (a) further litigation in this case; or (b) except with respect to the lawsuit pending in the United States District Court for the Northern

District of Illinois, Eastern Division, captioned *Babbitts v. Advocate Aurora Health, Inc.*, Case No. 21-cv-6293, filing, commencing, prosecuting, pursuing or participating on an individual or class or collective action basis any action, claim or proceeding against Defendant in any forum in which any of the released Settlement Class claims (as set forth in Section 4 of the Amended Agreement) are asserted;

**IT IS FURTHER ORDERED** that:

1. A Settlement Class Member may object to the Settlement, the Service Award, application, or the Fee and Expense Award application, and must do so **no later than sixty (60) days after the Amended Notice of Settlement is mailed to the Settlement Class**, which is the Objection/Exclusion Deadline specified in the Amended Agreement, ECF No. 32-1 at 4 and 7. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is mailed, emailed, or faxed to the Settlement Administrator at the addresses listed in the Amended Notice, and postmarked, emailed, or faxed by no later than the Objection/Exclusion Deadline specified in the Amended Agreement;

2. The Settlement Administrator shall stamp the fax, email, or postmark date on the original of each Objection that it receives and email copies of each objection to the Settlement Class Counsel and Defendant's Counsel **no later than seven (7) days after receipt**. Settlement Class Counsel shall promptly file the date-stamped originals of any and all objections with the Court;

3. For an objection to be considered by the Court, the objection must also substantially comply with this format and include:

    a) the name of this Litigation;

    b) the objector's full name, address, email address, and telephone number;

    c) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d) all grounds for the objection, accompanied by any legal support for the objection;

    e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the Fee and Expense Award application, or the application for Service Awards;

    f) the identity of all counsel representing the objector who will appear at the Fairness Hearing;

    g) a statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing; and

    h) the objector's signature on the written objection (an attorney's signature is not sufficient);

4. Any Settlement Class Member who fails to substantially comply with the provisions in this Paragraph may waive and forfeit any and all rights they may have to object, and shall be bound by all the terms of the Amended Agreement, this Order, and by all proceedings, orders, and judgments in this matter,

including, but not limited to, the release in the Amended Agreement if final judgment is entered;

5. Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear in person at the Fairness Hearing or participate via Zoom or telephone, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Award application, or the Fee and Expense Award application;

6. If final judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived their objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Amended Settlement Agreement, the Service Award application, or the Fee and Expense Award application;

**IT IS FURTHER ORDERED** that:

1. Any Settlement Class Member who wishes to be excluded from the Settlement Class and not participate in the proposed Settlement must complete and mail, email or fax a request to exclude themselves ("Opt-Out Statement") to the Settlement Administrator must do so **no later than sixty (60) days after the Amended Notice of Settlement is mailed to the Settlement Class**, which is the Objection/Exclusion Deadline specified in the Amended Agreement, ECF No. 32-1 at 4;

2. All Settlement Class Members who fail to exercise their right to opt-out of the Settlement by submitting an Opt-Out Statement shall be bound by all determinations and orders in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class;

3. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Settlement Class Members who do not submit an Opt-Out Statement will be represented by Settlement Class Counsel unless they enter their own appearance;

4. No Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Approval Order to be entered thereon approving the same, or, if awarded, compensation for the Named Plaintiff or Opt-In Plaintiffs, or the attorneys' fees and costs awarded to Settlement Class Counsel, unless that person has, no later than the Objection/Exclusion Deadline defined in the Amended Agreement, served by mail, email or fax on the Settlement Administrator written objections and copies of any papers and briefs in support thereof explaining the basis of the objection. All timely submitted objections shall be considered and ruled upon by the Court at the Fairness Hearing. Any Settlement Class Member who does not submit a request to exclude themselves and/or who does not timely submit their objection in the manner provided in the Amended Agreement, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement

as incorporated in the Amended Agreement and any award of attorneys' fees and costs awarded to Settlement Class Counsel, unless otherwise ordered by the Court;

**IT IS FURTHER ORDERED** that the named Plaintiff, Kenyona Eubanks, shall file her Motion for Final Approval of Settlement and a motion for the Fee and Expense Award and for Service Awards **no later than fourteen (14) days after the Objection/Exclusion Deadline** defined in the Amended Agreement;

**IT IS FURTHER ORDERED** that, in the event that the final Effective Date (as explained in the Amended Agreement) does not occur, the Settlement and the Amended Agreement shall be deemed null and void and shall have no effect whatsoever;

**IT IS FURTHER ORDERED** that, if a Final Approval Order is not entered or there is no final Effective Date, this Order shall be of no continuing force or effect and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any Settlement Class, nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that their claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this litigation or in any other lawsuit; and

**IT IS FURTHER ORDERED** that the Parties shall carry out the Settlement according to the terms of the Amended Agreement; that the preliminarily approved Settlement shall be administered according to its terms pending the Fairness Hearing; and that the dates set in this Order

should be used as appropriate in the Amended Notice to the Settlement Class.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge