# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENYONA EUBANKS, *individually and on behalf of a class and collective of persons similarly situated*,

Plaintiff,

v.

AURORA HEALTH CARE, INC.,

Defendant.

Case No. 20-CV-1253-JPS

**ORDER**

      On August 14, 2020, Plaintiff Kenyona Eubanks ("Plaintiff" or the "named Plaintiff") filed this putative class and collective action alleging violations of the Fair Labor Standards Act ("FLSA") and Chapter 109 of the Wisconsin Statutes. ECF No. 1. On December 29, 2022, the Court granted preliminary approval to the parties' amended collective and class action settlement agreement (the "Amended Agreement"), adopted the parties' stipulation to certify a Rule 23 class and FLSA Section 216(b) collective for settlement purposes (the "Settlement Class"), further adopted the parties' definition of the Settlement Class,[1] and scheduled this matter for a final hearing on April 6, 2023. ECF No. 34 at 3, 5.

      Presently before the Court are Plaintiff's motions for final approval of the Amended Agreement, ECF No. 37, and for an award of attorneys'

---

[1] The Settlement Class is defined as "[i]ndividuals who worked for Defendant as nonexempt hourly employees during the period of August 14, 2017 up to and including December 18, 2021 and worked at least one workweek of 40 hours or more during that time." ECF No. 34 at 3; *see also* ECF No. 32 at 5, 13–17, 25. The parties stipulated that the Settlement Class includes 38,797 employees. ECF No. 34 at 2.

fees and litigation costs and for approval of settlement administration costs and of service awards to the named Plaintiff and four opt-in Plaintiffs, ECF No. 35. Plaintiff has submitted briefs in support of each motion, ECF Nos. 38 and 36, respectively. Therein, Plaintiff indicates that, during the previous notice period (after the Court first granted preliminary approval to the original settlement agreement) and the renewed notice period (after the Court granted preliminary approval to the Amended Agreement), a total of three objections to the proposed settlement were received and a total of 176 individuals requested to exclude themselves from the Settlement Class. ECF No. 38 at 11–12.

On April 6, 2023, the Court conducted a fairness hearing on Plaintiff's motions. ECF No. 39. At that time, the Court found the objections and exclusions received were not barriers to approval of the settlement. *Id.* at 2. The Court therefore indicated that it would approve the parties' Amended Agreement. *Id.*[2]

---

[2] The Court has already held that one objection, received during the first notice period, was not a barrier to approval. ECF No. 34 at 2 (explaining that objection to payroll information being accessed did not constitute an objection to the fairness or reasonableness of the settlement terms). The second objection was lodged *pro se* and is on the basis that the objector believes she is owed more than what her likely settlement payment will be. ECF No. 38 at 18–19; *see also* ECF No. 38-3 at 7 (reproducing objection). The third objection has effectively been withdrawn because the objector opted out of the settlement. ECF No. 38 at 19; *see also* ECF No. 38-5 at 6. Based on the foregoing, the objections pose no barrier to approval of the settlement agreement because (1) the first one does not pertain to the terms of the settlement agreement, (2) the third objection is mooted, and (3) the second objection stands alone in a sea of non-objections. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806, 812 (E.D. Wis. 2009) (finding that two objections in a 1,200-member class where no members opted out signified a "lack of significant opposition" and that such lack of opposition counseled in favor of final approval).

The Court further indicated that it would grant Plaintiff's motion for attorneys' fees and litigation costs, and for approval of settlement administration costs and service awards, with the caveats that (1) Plaintiff's requested litigation costs would be limited to those documented in the filings and (2) Plaintiff's attorneys' fees would be limited to one-third of the total settlement. *Id.* at 1–2. As to costs, Plaintiff's submissions indicate expenditures of $16,792.21. *See* ECF Nos. 36-1 at 9 and 36-2 at 6. As to fees, the amended collective and class action settlement agreement provides for a total monetary payment of $8,750,000, ECF No. 32 at 1; accordingly, multiplying the total settlement by 0.333, Plaintiff's attorneys' fees will be limited to $2,913,750.

Subject to these conclusions, the Court will incorporate the terms of Plaintiff's proposed order below.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for final approval of the parties' amended collective and class action settlement (the "Amended Agreement"), ECF No. 37, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' Amended Agreement, ECF No. 32-1, is **APPROVED** as a fair, reasonable, and adequate resolution

---

As to the opt-outs, the Court has already found that the low rate of opting out after the first notice period provided no indication that the settlement was unreasonable or unfair. ECF No. 34 at 2 ("Less than 0.4% of members of the Settlement Class—119 individuals—requested to be excluded from the class."). A total of 176 individuals have now opted out, and the opt-out rate now stands at 0.45%. Consistent with the Court's preliminary approval Order, the opt-out rate after the second notice period is very low and gives no reason to reject the settlement agreement at this juncture. *See In re Mex. Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1021 (N.D. Ill. 2000) ("Nevertheless, 99.9% of class members have neither opted out nor filed objections to the proposed settlements. This acceptance rate is strong circumstantial evidence in favor of the settlements.").

of a bona fide dispute under the FLSA and state wage and hour law as to the named Plaintiff and the Settlement Class members who did not submit a valid request for exclusion, and in their best interests, and in full compliance with all requirements of due process and federal law. The Amended Agreement is finally approved in all respects and its terms and provisions shall be consummated.

**IT IS FURTHER ORDERED** that:

1. The Court finds that it has jurisdiction over the subject matter of this action, the named Plaintiff Kenyona Eubanks (the "named Plaintiff"), the Settlement Class members, and Defendant;

2. The Court approves the dissemination of the class and collective notices, as provided for in the preliminary approval Order, ECF No. 34, and finds that it constituted the best practicable notice under the circumstances to all members of the class and collective and fully met the requirements of Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b), any and all substantive and procedural due process rights guaranteed by the United States Constitution, the laws of the State of Wisconsin, and any other applicable law;

3. The Court has considered the objections to the Amended Agreement and overrules them and finds that they do not pose a barrier to final approval of the parties' Amended Agreement as fair and reasonable;

4. The Court finds that Kenyona Eubanks, the named Plaintiff previously appointed as the Settlement Class Representative, adequately represented the Settlement Class for the purposes of entering into and implementing the Amended Agreement;

5. The Court finds that James X. Bormes and Catherine P. Sons of the Law Office of James X. Bormes, P.C., Thomas M. Ryan of the Law Office of Thomas M. Ryan, P.C., and Patrick J. Schott of Schott Bublitz & Engel, S.C., previously appointed as Settlement Class Counsel, adequately represented the Settlement Class for the purposes of entering into and implementing the Amended Agreement;

6. The Court finds that Analytics, LCC, previously appointed as the Settlement Administrator, has met all the requirements of the Court as set forth in the preliminary approval Order and the Amended Agreement;

**IT IS FURTHER ORDERED** that the Court will dismiss the above-captioned case with prejudice and, except as to each Settlement Class member who has timely and effectively requested exclusion from the Amended Agreement, will dismiss all claims alleged therein. Accordingly, all Settlement Class members are barred and permanently enjoined from prosecuting any released claims against Defendant, provided, however, that any individual who does not cash their settlement check will not release any rights, claims, or interests under the FLSA;

**IT IS FURTHER ORDERED** that the Court **APPROVES** the Settlement Payments to be made to each Settlement Class member who did not request to be excluded from the Amended Agreement;

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorneys' fees, litigation costs, service awards, and settlement administration costs, ECF No. 35, be and the same is hereby **GRANTED** as stated in this Order;

**IT IS FURTHER ORDERED** that:

1. The Court approves the payment of attorneys' fees to Settlement Class Counsel in the amount of $2,913,750;

2. The Court approves the payment of litigation costs to Settlement Class Counsel in the amount of $16,792.21;

3. The Court approves the payment of settlement administration costs to the Settlement Administrator in the amount of $128,667.00;

4. The Court approves the payment of service awards in the amount of $10,000.00 to named Plaintiff and in the amount of $5,000.00 to each of the four opt-in Plaintiffs;

5. Attorneys' fees and litigation costs shall be distributed to Settlement Class Counsel in accordance with the terms of the Amended Agreement;

6. Except as otherwise provided in the Amended Agreement or herein, the parties are to bear their own attorneys' fees and costs; and

**IT IS FURTHER ORDERED** that this action be and the same hereby is **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge